## Wilson et al. v. Stephens et al.

April 21, 1942.

Duncan & Duncan for appellants.

H. C. Gillis and James A. Inman for appellees.

OPINION OF THE COURT BY VAN SANT, COMMISSIONER—Affirming.

On July 9, 1924, Joe Stephens, of McCreary county, died, the owner of certain lands, which, by his last will and testament, he directed to be sold "at private or public sale as my executor hereinafter named may think best, so as to make same bring the most money, the terms of the sale to be made by him as he thinks best and to the best advantage, said sale to be had within a reasonable time after my death." He further directed that the money in hand .derived from such sale be divided equally between his wife and each of his living children, share and share alike. On the 10th day of January, 1925, the widow renounced the will and filed suit for settlement of the estate. On June 17, 1925, William H. Stephens, the qualified executor, filed suit for settlement of the estate. The record shows that the heirs of Joe Stephens were named parties defendant and summons issued for them in both suits, but it fails to disclose the summons were served. Before submission of the case the executor died, whereupon the widow, Margaret Stephens, was appointed and qualified as administratrix de bonis non. Thereafter she was substituted for her predecessor as plaintiff in the action filed by him. Sidney Stephens was appointed administrator of the estate of the deceased executor, and, as such, filed an intervening petition in the suit instituted by the executor, by which intervening petition he likewise sought settlement of the estate. Margaret Stephens, individually, and as administratrix of the estate of Joe Stephens, was made a defendant to the intervening petition. Thus, in effect, three actions were filed seeking a settlement of the estate. The cases were consolidated and judgment enterd directing the master commissioner of the court to sell the

land, which was done. Deeds were executed to the various purchasers. This suit was instituted by six of the children of Joe Stephens against his four other children, the widow, the purchasers of the land at the sale, the present owners of the land, and C. E. Cain, who had filed a claim which was allowed, against the estate in the consolidated actions above referred to. Plaintiffs alleged the above facts and prayed that because plaintiffs, as the heirs of Joe Stephens, were the owners of the fee simple title to an undivided interest in the property sold and had been divested of such title in a suit to which they were not parties, the judgment, order of sale, and all proceedings had in the consolidated actions be set aside. They further prayed that each be adjudged to be the owner of his undivided interest in the land described; and asked for a full, final, and complete settlement of the estate of their father. The petition does not contain an allegation that the estate had not been settled, nor do plaintiffs complain of the settlement made by the administratrix de bonis non, except to the extent of the allowance of the claim of C. E. Cain which they allege was for a debt not owing him by the testator or the estate. Defendants' demurrer to the petition was sustained and judgment entered dismissing the petition.

Since it appears from the allegations of the petition and the record of the consolidated actions filed with the petition the infant heirs were not parties to the consolidated action, it is apparent that, if a judicial sale had been necessary to divest the plaintiffs of their title to the real estate, the proceedings had in the consolidated actions were insufficient for that purpose, because they departed from the mandate of those sections of the Code giving the court power to divest infants of title to real estate. Civil Code of Practice, Section 489; Section 428, Subsection 1; Jones v. Keen, 289 Ky. 779, 160 S. W. (2d) 164; Soper v. Foster, 244 Ky. 658, 51 S. W. (2d) 927, and cases therein cited.

We are of the opinion, as appellees argue, that a judicial sale was not necessary to divest the infants of their title to the property in this case, because the will of their testator specifically directed and empowered the executor to convert the real property into cash and to distribute to the heirs the money realized from the sale of the property; that being true, under the doctrine of equitable conversion, the land, without reference to

where the legal title may be, will be treated as personalty in the executor's hands for distribution under the will. Gedges v. Western Baptist Theological Institute, 13 B. Mon. 530, 52 Ky. 530; Duff's Ex'r v. Duff, 54 S. W. 711, 21 Ky. Law Rep. 1211; Ruh's Ex'rs v. Ruh, 270 Ky. 792, 110 S. W. (2d) 1097, 1103. That the owner of real estate has the right to direct by will the manner in which he desires the property to be disposed of (subject to dower or homestead) cannot be questioned. It may be conceded that the legal title is vested in the heirs, but, where the will directs real estate to be sold by the executor and the proceeds divided in a certain manner, the holders by descent of the legal title may be divested of such title by the mere exercise of the power of the executor. This power may be exercised by the executor with or without invoking the aid of the court. The executor may cause a deed to be made to the property by his own execution or may cause it to be executed by the master commissioner of the court. In either event, the heirs will be lawfully divested of the title and become entitled to their proportionate share of the proceeds of the sale and the purchasers at such sale become lawfully vested of the legal title and right to possession. Betty v. Petrie, 138 Ky. 426, 128 S. W. 320; Buckner v. McEldowney's Ex'r, 280 Ky. 14, 132 S. W. (2d) 330.

This decision is not opposed to the principles expressed in Warfield v. English, 11 S. W. 662, 11 Ky. Law Rep. 263. In that case cause for a judicial sale was shown prior to the happening of the contingency upon which hinged the power of the executor to sell. The owners of the legal title were necessary parties to the suit because it was strictly a judicial sale and not an exercise of the power of the executor; in fact, the executor resisted the sale.

The remaining relief sought is for a settlement of the estate. As hereinbefore indicated the only item complained of is that the administratrix de bonis non unlawfully paid the claim of C. E. Cain in the amount of $150 which amount is not sufficient to give us jurisdiction on appeal.

Since that part of the petition of which we have appellate jurisdiction stated no cause of action, the judgment of the lower court dismissing the petition must be, and hereby is, affirmed.