## Wagner et al. v. Peoples Building & Loan Ass'n.

Jan. 15, 1943.

692

F. R. Whalin and H. L. Bryant for appellants.

Robert J. Watson for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Reversing.

Prior to December 13, 1929, the appellant, Matt Wagner, and his wife, Cora B. Wagner, executed their joint note to the appellee and plaintiff below, Peoples Building and Loan Association, whereby they agreed to pay it, at the due date therein prescribed, the sum of $800. To secure it the makers executed to appellee a mortgage on a parcel of real estate in Bell county. They were likewise required to and did subscribe for stock in the appellee corporation and which was pledged as an additional security for the indebtedness evidenced by the note, with a stipulation that if any monthly dues should become in arear and unpaid the lender could precipitate the due date of the entire indebtedness and proceed to collect it.

Following the loaning transaction Cora B. Wagner, who held the fee title to the mortgaged land, died intestate, leaving surviving her her husband, Matt Wagner, and the other eight defendants, and appellants, as her surviving children, all of whom were infants. Following her death, and on December 13, 1929, the indebtedness

under the terms of the lending contract became due and payable and appellee filed an action in the Bell circuit court against the survivors of the deceased wife to enforce its lien to secure its debt, after crediting its amount by the cash value of the building and loan stock that had been taken out at the time of its creation, which left a balance due of $656.14. None of the infants had any guardian, but they were properly summoned and brought before the court, and a guardian ad litem was thereafter appointed for them and made and filed his report, in which he stated that he knew of no defense to the action. Thereupon the cause was submitted to the court—without the taking of any proof—and personal judgment was rendered, not only against the husband, but also against each of the infant defendants, and an order of sale of the land was made, which was carried out as directed in the judgment by the Master Commissioner, at which the plaintiff in the action, appellee here, became the purchaser at the price of $800. The land was appraised, by those appointed for that purpose, at $1,000. The sale was confirmed without exceptions, followed by a later executed and approved deed to the purchaser by the Master Commissioner.

On April 18, 1941, pursuant to notice theretofore given, the infant defendants entered motion in the same court that rendered the judgment supra (five of whom had then passed the age of maturity) to redocket the case and to set aside the judgment on the ground that it was void for three reasons: (1) The allegations of the petition were insufficient to give the court jurisdiction to sell the inherited real estate of the infant defendants; (2) no proof in any manner was introduced or heard by the court ordering the sale of the property to prove any of the material allegations of the petition, and (3) that the default judgment (which was rendered on January 21, 1930) in such circumstances was unauthorized and void. The court sustained the motion to redocket the case, but the demurrer to the notice and the motion to set aside the judgment as being void (each of which stated the preceding facts) was overruled, and the motion dismissed, on the ground that the matters complained of were merely erroneous and correctible only by an appeal to the Court of Appeals and did not furnish grounds for a collateral attack. Whether or not the court was correct in that conclusion is the only question in the case.

694

At common law (shown to be so by cases and authorities hereinafter listed) courts of equity had no authority to decree a sale of the real property of infants, except, perhaps, in special instances; but now, probably every state in the union has enacted statutory conditions upon which such sales may be decreed. Among the conditions in which it may be done in this jurisdiction are, (x) a sale for maintenance of the infant; (y) a sale for the payment of debts of the ancestor, as well as debts of the infant created for necessities, including lien debts created by the ancestor upon the land while living, and (z) sales for the purpose of division among the infants, if there is more than one, and where the property is indivisible. There may be others, but it will not be necessary for the purposes of this case to enumerate them. The procedure for such decrees, for whatever purpose the sale is sought, must, therefore, be at least substantially complied with.

The rule appears to be universal (as also appears from the same cited authorities) that a judgment is void (a) when the court has no jurisdiction of the parties or (b) of the subject matter; it being necessary that both should exist before a valid judgment can be rendered. Jurisdiction of the person is obtained when the prescribed notice has been given to the litigant proceeded against to enable him to appear and make whatever defense he may have. That jurisdiction (of the person) appears to have been possessed by the court in this instance at the time it rendered the judgment directing the sale of the infant defendants' real estate. The question then is reduced to the inquiry as to whether the court then had jurisdiction of the subject matter?

In order to determine that question we should briefly consider what is comprehended by the phrase "subject matter" as employed in our various statutes permitting such decrees. The same authorities referred to supra—and hereinafter catalogued—clearly point out that the "subject matter" is not confined within such authorizing statutes to the thing or the res, the title to which is sought to be divested from the infants; but, on the conrary, it embraces the directed procedure to be followed by the court as pointed out in such statutes, at least substantially so. One of the provisions—not relating especially to the obtention of judgments decreeing such sales, but applicable to all proceedings against infants—

is section 126 of our Civil Code of Practice requiring in mandatory terms that: "Every material allegation of a pleading must, for the purpose of the action, be taken as true, unless specifically traversed, excepting these, which must be proved, though not traversed." The first exception, that the facts must be proved, though not traversed, is "allegations of a petition, or cross-petition, against a defendant who is under any disability except coverture." None of the infant defendants in the case in which the attacked judgment was rendered was married at the time, and, therefore, under the mandatory terms of that section of the Code, all of the material allegations of the petition in this case were required to be proved before the court became authorized (or, differently stated, acquire jurisdiction) to enter the attacked judgment.

Furthermore, the petition in this case was insufficient to confer authority or jurisdiction on the court to enter the complained of judgment, since under our enacted statutory procedures for the sale of infants' real property no decretal sale may be ordered for the purpose of paying debts of the ancestor unless there is insufficient personal property left by the ancestor available for that purpose. The petition in this case on that required and essential fact only said "that the personalty belonging to said estate is not sufficient to satisfy the debt of the plaintiff." It was furthermore alleged that the property could not be divided without "materially impairing its value," and the interest of the plaintiff therein and of the said minor children. The material facts in this case were: Whether or not the plaintiff's ancestor (their mother) owed the debt sought to be recovered by plaintiff in the original action? Whether or not there was sufficient personalty available for the payment of the particular debt? The latter should be alleged, not by way of conclusion, but by pointing out the amount of the debts, as well as the amounts of available personal property to extinguish them, but which was not done in this case. Therefore, none of such material allegations was proven or offered to be proven in the case, and which, as we have stated—supported by the same authorities referred to—is mandatorily required before the court acquires jurisdiction to enter judgment directing the sale of the infants' real property.

A comparatively late case supporting the require-

ments we have enumerated is that of Elliott v. Fowler, 112 Ky. 376, 65 S. W. 849, in which an extended review of our statutory procedure for the sale of infants' real estate was rehearsed in the opinion rendered, as well as a history of our statutory law authorizing such decretal sales none of which need be repeated here. The distinction between a void judgment and a voidable one was also pointed out in that opinion, the final conclusion being that a substantial compliance with the statutory requirements to obtain such a decree must be followed; otherwise the judgment will be void. That case was followed by a number of others up to the time of the rendition of the opinion in the case of Soper v. Foster, 244 Ky. 658, 51 S. W. (2d) 927, 929. It again reviewed our enacted procedure for the sale of infants' real estate, as well as re-stating the law as to the distinction between voidable and void judgments, and the same conclusion was reached as was done in the Elliott and intervening opinions.

Many cases are referred to in both of the cited domestic cases supporting the conclusion therein reached holding—as was said in the Soper opinion—that: "A judgment is void when the court proceeds without authority and in a manner forbidden by law with respect to the matter being adjudicated, although it may have jurisdiction of the parties and of the subject-matter" (meaning by the latter statement the thing or the res), and citing in support thereof the cases of Lorton v. Ashbrook, 220 Ky. 830, 295 S. W. 1027, and Lowther v. Moss, 239 Ky. 290, 36 S. W. (2d) 501, as well as the Elliott case supra. There was also cited in the Soper opinion the case of Hill v. Adams, 190 Ky. 224, 227 S. W. 148, holding that the rule requiring evidence in such cases was a jurisdictional one and that a judgment rendered without proof of the material allegations in the petition, though not denied by pleading, was void. On the same point, see also Luscher v. Julian's Adm'r, 173 Ky. 150, 190 S. W. 692, and 31 Am. Jur. 404, section 11. The court also said in that (Soper) opinion: "In addition to the cases already cited, others which held sales of infant's land by order of court to be void in whole or in part for failure to comply with the Code provisions in one or more particulars are Auxier v. Clarke, 82 S. W. 605, 26 Ky. Law Rep. 890; Ford v. May, 157 Ky. 830, 164 S. W. 88; Schlickman v. Dusing, 180 Ky. 506, 203 S. W. 295, and May v. Pratt,

237 Ky. 369, 35 S. W. (2d) 542.'' The opinion concluded with this statement: ''The insufficient pleading and *absence of evidence* did not authorize the court to render the judgment of sale. Having no power to do so, it follows the judgment is void.'' (Our emphasis).

Both the Elliott and Soper opinions were later referred to, followed and approved in the cases of Jones v. Keen, 289 Ky. 779, 160 S. W. (2d) 164, and Wilson v. Stephens, 290 Ky. 390, 161 S. W. (2d) 604. A lately compiled text on Judicial Sales of real property, by the Hon. John Barrett Rodes, discusses the cases and principles herein referred to on pages 63, 78, 95, 206 and 207 of his work and clearly points out the state of the law as it existed at the time the judgment here involved was rendered. The cited cases and texts, with nothing to the contrary, are conclusive of the mandatory necessity for compliance with the statutory requisites in order to create jurisdiction for the entering of a decree for the sale of infants' real estate, among which are (1) that the pleading of the one seeking the sale should state the jurisdictional facts and not rely on mere conclusion statements as complying with such requisite, and (2) proving such facts, although not denied—neither of which was done in this case. The court, therefore, erred in overruling the motion to set aside the judgment as void, and which—as said in the Soper and other opinions—is the same as if no judgment at all had been rendered.

The question here involved, and likewise so in all procedures for the sale of infants' real estate, are of widespread importance, and courts before entering judgments directing the sale of such property should exercise care in following the requirements necessary to vest them with the authority to so adjudge. Therefore, we venture to suggest that all requisite steps should be taken and all judgments in such cases should either be prepared by the court, or carefully read by him after being prepared by attorneys, and see to it that all essentials have been, at least substantially, complied with, whereby future litigation might be forestalled, and cost, expense and loss be avoided.

Wherefore, the judgment is reversed, with directions to set it aside, and sustain the motion in the case, which has already been redocketed, and for proceedings not inconsistent with this opinion.