**Edwin A. HISLE and Olive Sue Hisle Cook, Appellants,**

v.

**LEXINGTON–FAYETTE URBAN COUNTY GOVERNMENT, Appellee.**

No. 2006–CA–001733–MR.

Court of Appeals of Kentucky.

Feb. 1, 2008.

Discretionary Review Denied by Supreme Court Aug. 13, 2008.

⊶4

Foster Ockerman, Jr., Lexington, KY, for appellants.

Ashley W. Ward, Tonya M. Clemons, Lexington, KY, for appellee.

Before THOMPSON, Judge; BUCKINGHAM and HENRY, Senior Judges.[1]

*OPINION*

BUCKINGHAM, Senior Judge.

Edwin A. Hisle and Olive Sue Hisle Cook appeal from an Opinion and Order of the Fayette Circuit Court that denied their motion for relief brought pursuant to Kentucky Rules of Civil Procedure (CR) 60.02, which sought to set aside as void two judgments entered in 1966 partitioning several parcels of real property. Appellants maintain that the circuit court lacked subject matter jurisdiction to entertain the original partition action in 1965–66 and, thus, that the judgments should be set aside and they should be granted fee simple title pursuant to the wills of their grandparents. After reviewing the record and case law and considering the arguments of counsel, we affirm.

This appeal involves disputed ownership of two tracts of realty in Fayette County that were deeded to the Lexington–Fayette Urban County Government (LFUCG) by Robert E. Hisle and his wife, Anita, in 1989 for recreational and open space use. The relevant ownership lineage begins with the ownership of the tracts by the appellants' grandparents, Susie Lowell Hisle and Edwin (Ed) Hisle. Susie Hisle died in 1952, and Ed Hisle died in 1958.

Susie Hisle's will devised her real property to her husband, Ed, for his life, then on his death jointly to her sons, Robert E. Hisle and Owen M. Hisle, for life, then the remainder to her three grandchildren, Edwin A. Hisle, Sue Hisle Cook, and Larry Hisle, in fee upon the death of the life tenants. Ed Hisle's will devised his real property to his sons, Robert and Owen, jointly for life, then the remainder in fee simple jointly to "all of my grandchildren in being at the time of the death of the last survivor of said sons[.]" Sue Hisle Cook and Edwin Hisle are the children of Owen Hisle, and Larry Hisle is the son of Robert Hisle.

In December 1965, Robert and Owen Hisle filed a civil complaint in the Fayette Circuit Court seeking partition of the realty devised to them and their children by their parents, Susie and Ed Hisle, with reference to Kentucky Revised Statutes (KRS) 381.136. The complaint named as defendants Edwin Hisle and his wife, Jeanette; Sue Hisle Craig (now Cook); and Larry Hisle. All three grandchildren were over eighteen years' of age, and each filed signed answers stating that they joined in the complaint and requesting "that the property described be divided among the parties thereto entitled allotting to each according to the quantity, quality, and value." [2]

The trial court appointed three commissioners and, in an order entered on August 4, 1966, the court advised the commissioners that the will of Susie Hisle devised one-half life interests in her realty to Robert and Owen, with a vested remainder interest of one-third each to the grandchil-

---

1. Senior Judges David C. Buckingham and Michael L. Henry sitting as Special Judges by assignment of the Chief Justice pursuant to Section 110(5) of the Kentucky Constitution and Kentucky Revised Statutes (KRS) 21.580.

2. In March 1966, Lexington attorney Marvin Henderson entered an appearance on behalf of Sue and Edwin.

dren. The order also stated the will of Ed Hisle devised one-half life interests in his realty to Robert and Owen, with a vested remainder to the three grandchildren subject to being opened up to other grandchildren if others were to be born.

In October 1966, the trial court entered a judgment consistent with the report of the three commissioners by dividing the property into five tracts and assigning the interests as follows: Tract No. 1—property devised by Susie with a life estate to Robert and remainder fee simple title to Larry; Tract No. 2—property devised by Ed with a life estate to Robert and remainder fee simple title to Larry; Tract No. 3—property devised by Susie with a life estate to Owen and remainder fee simple title to Sue and Edwin; Tract No. 4—property devised by Susie with a life estate to Robert and remainder fee simple title to Sue and Edwin; and Tract No. 5—property devised by Ed with a life estate to Owen and remainder fee simple title to Sue and Edwin. The fee simple titles of Tracts No. 2 and 5, which were devised by Ed, were subject to being opened up if other grandchildren were born later. In October 1966, Robert and Owen filed a motion to set aside the judgment and enter a substituted judgment, which was granted. On October 18, 1966, the trial court entered a substituted judgment that divided and awarded the property in a manner similar to the original judgment but, among other things, referred explicitly to KRS 381.136.

In 1989, Robert and his wife, Anita, executed a deed devising three tracts of realty to LFUCG as a gift for the benefit of the public to use for recreational or open space purposes, and retaining a life estate in 23 acres. The property consisted of three of the tracts partitioned in 1966: Tracts Nos. 1 and 2, which had been devised by Susie and Ed, respectively, to Robert for life and the remainder to Larry

in fee, and Tract No. 4, which had been devised by Susie to Robert for life and the remainder to Sue and Edwin in fee. Larry had died intestate in February 1980 without any children; therefore, his interest in Tracts Nos. 1 and 2 had vested in his parents, Robert and Anita, at his death by intestate succession. *See* KRS 391.010(2). Robert and his wife had acquired the interests of Sue and Edwin to Tract No. 4 through various purchases, which have not been challenged by the appellants.

Robert died in 1996, and Anita died in 2005. Shortly afterward, LFUCG proclaimed its interest in the Hisle farm property pursuant to the 1989 deed. In October 2005, Sue and Edwin filed a motion for Leave to File Third Party Complaint and a Third Party Complaint seeking to have the 1966 substituted judgment partitioning the Hisle property declared void and set aside. LFUCG moved to intervene to challenge the third party complaint. Sue and Edwin subsequently filed a CR 60.02 motion to void the original and substituted judgments, and the trial court granted LFUCG's motion to intervene to challenge the CR 60.02 motion.

In July 2006, the trial court entered an abbreviated Opinion and Order denying the appellants' CR 60.02 motion. The court held that the circuit court had jurisdiction to enter its rulings in the 1966 action, that KRS 381.136 was properly applied, and that the appellants failed to challenge the prior judgments in a reasonably timely fashion. This appeal followed.

The appellants, Sue and Edwin, maintain that the 1966 judgments partitioning the Hisle family realty were *void ab initio* because the circuit court lacked jurisdiction to enter the judgments. They contend that the circuit court's jurisdiction to grant partition derived from KRS 381.136 and that the statute did not apply under

the facts of this particular case. Moreover, they assert that because the judgments were void, they may raise this issue at any time regardless of the passage of over 40 years since the judgments became final.

■ Whether a court was acting outside its jurisdiction is generally a question of law. *Grange Mut. Ins. Co. v. Trude*, 151 S.W.3d 803, 810 (Ky.2004). Therefore, we will review the issue in this case *de novo*.

Assuming the judgments are set aside, the appellants claim fee simple ownership of the two tracts of realty at issue (Tracts Nos. 1 and 2) as the surviving remaindermen under the wills of their grandparents following the deaths of Robert and Owen, who were devised life estates, and Larry, the third remainderman. Accordingly, the appellants maintain that LFUCG did not acquire an interest in the realty because Robert and Anita did not have a valid fee simple title to convey. We disagree with the appellants' position on jurisdiction. Furthermore, we hold that the appellants are precluded from challenging the 1966 judgments at this late date.

The appellants argue that the circuit court lacked jurisdiction in 1965 to partition the Hisle family realty pursuant to KRS 381.136.[3] KRS 381.136 generally allows a court of equity to partition and award title to realty held under a deed or will vesting a life estate in two or more persons "with remainder as to the share of each to his or her children or descendants" upon petition of one of the life tenants and the remaindermen of his or her share of the property.

The appellants contend that this statute applies only to the limited situation where the remainder interests are *equal to* the interests of the life tenant. They assert that because the deeds of Susie and Ed devised joint life estates to Robert and Owen, representing in effect one-half or 50% interests for each, with the three grandchildren receiving the remainder interests, representing one-third or 33.3% interests for each, KRS 381.136 did not apply.

They also point to the fact that the circuit court's 1966 judgments partitioned Tract No. 4 so as to give Robert a life estate with Owen's children, Sue and Edwin, receiving the remainder fee simple title. Thus, they argue that the circuit court lacked jurisdiction to render the judgments partitioning the property by acting outside its statutory authority.

■ We begin with a general discussion of the law involving "jurisdiction." Jurisdiction is a fundamental concept that goes to the very heart of a court to act or decide a case. "The courts' power to inquire into facts, apply the law, make decisions, and declare judgment between parties is both constrained by and a function of their jurisdiction." *Nordike v. Nordike*, 231 S.W.3d 733, 737 (Ky.2007).[4] Unfortu-

---

3. KRS 381.136(1) provides in relevant part as follows:

Where the land is held under a deed or will vesting a life estate in two (2) or more persons or in trust for their benefit, with remainder as to the share of each to his or her children or descendants, it shall be lawful for a court of equity, on the petition of one (1) of such life tenants and his or her children or descendants who would then be entitled to such remainder, all persons having interests in such lands being made par-

ties, to partition such land so as to set apart to such life tenants and children or descendants so much of said land to which they shall be entitled in severalty; and to that alone shall attach the title or interest of after-born children or descendants in whom, by the terms of said deed or will, such a remainder would vest.

4. The court in *Wilson v. Russell*, 162 S.W.3d 911 (Ky.2005), noted the seminal nature of jurisdiction to the exercise of judicial power.

nately, application of the legal concept can be difficult at times, and courts too often use the term "in a loose fashion" in describing various related issues involving the existence and exercise of judicial authority. *See generally Milby v. Wright,* 952 S.W.2d 202, 205 (Ky.1997).

■ The courts have recognized three separate categories of "jurisdiction": (1) personal jurisdiction involving authority over specific persons; (2) subject matter jurisdiction involving authority over the nature of a case and the general type of controversy; and (3) jurisdiction over a particular case involving authority to decide a specific case. *See, e.g., Nordike,* 231 S.W.3d at 737–38; *Milby,* 952 S.W.2d at 205; *Clements v. Harris,* 89 S.W.3d 403, 406 (Ky.2002)(Keller, J., dissenting); 20 Am.Jur.2d *Courts* § 54 (1995). Subject matter jurisdiction and particular case jurisdiction are related, but they are different in that the former concerns a more broad, general class; whereas, particular case jurisdiction focuses on a more limited or narrow fact-specific situation. *See, e.g., Duncan v. O'Nan,* 451 S.W.2d 626, 631 (Ky.1970)(stating that subject matter jurisdiction refers to a court's authority over "this *kind* of case" as opposed to "this case"); *Commonwealth v. Griffin,* 942 S.W.2d 289, 291 (Ky.1997)(stating subject matter jurisdiction refers to a class of

cases as opposed to particular case jurisdiction which refers to a court's authority over a specific case); *Gordon v. NKC Hospitals, Inc.,* 887 S.W.2d 360, 362 (Ky.1994); *Privett v. Clendenin,* 52 S.W.3d 530, 532 (Ky.2001).[5]

■ Subject matter jurisdiction concerns the very nature of the court's creation under constitutional provisions. *See, e.g.,* 21 C.J.S. *Courts* § 85 (2007)(noting courts have recognized subject matter jurisdiction in cases involving a specific monetary amount in controversy, certain territorial limits, certain limited remedies, and specific appellate authority). Particular case jurisdiction is a subset of subject matter jurisdiction in that "a court that lacks subject-matter jurisdiction over an action will also always lack particular-case jurisdiction, [but] a court can have proper subject-matter jurisdiction over an action, but nonetheless lack particular case jurisdiction[.]" *Clements,* 89 S.W.3d at 406 (Keller, J., dissenting).

■ Subject matter jurisdiction does not exist "where the court has not been given any power to do anything at all in such a case, as where a tribunal vested with civil competence attempts to convict a citizen of a crime." *Milby,* 952 S.W.2d at 205 (quoting *Duncan v. O'Nan,* 451 S.W.2d 626, 631 (Ky.1970)). "Once a court has

---

"It is fundamental that a court must have jurisdiction before it has authority to decide a case. Jurisdiction is the ubiquitous procedural threshold through which all cases and controversies must pass prior to having their substance examined. So fundamental is jurisdiction that it is the concept on which first-year law students cut their teeth." *Id.* at 913.

**5.** The Iowa courts have more accurately defined a court's power involving particular cases in terms of "authority" rather than "jurisdiction." In *State v. Mandicino,* 509 N.W.2d 481, 482 (Iowa 1993), the court indicated that subject-matter jurisdiction should not be confused with its authority to decide

particular cases when it stated: "A court may have subject matter jurisdiction but for one reason or another may not be able to entertain a particular case. In such a situation, we say the court lacks authority to hear that particular case." Similarly, the court in *Dubai Petroleum Co. v. Kazi,* 12 S.W.3d 71 (Tex. 2000), stated " '[t]he right of a plaintiff to maintain a suit, while frequently treated as going to the question of jurisdiction, has been said to go in reality to the right of the plaintiff to relief rather than to the jurisdiction of the court to afford it.' " *Id.* at 76–77(quoting 21 C.J.S. *Courts* § 16 at 23 (1990)).

acquired subject matter and personal jurisdiction, challenges to its subsequent rulings and judgment are questions incident to the exercise of jurisdiction rather than to the *existence* of jurisdiction." *Buckalew v. Buckalew,* 754 N.E.2d 896, 898 (Ind.2001)(emphasis in original). *See also Maryland Bd. of Nursing v. Nechay,* 347 Md. 396, 406, 701 A.2d 405, 410 (1997)(stating "[o]nce a court acquires fundamental jurisdiction of a case, any judgment that it renders in that case 'is not invalidated because of an [alleged] improper exercise of that jurisdiction.' ").

■ Particular case jurisdiction generally involves more specific so-called "jurisdictional facts." A "jurisdictional fact" has been defined as "[a] fact that must exist for a court to properly exercise its jurisdiction over a case, party, or thing." BLACK'S LAW DICTIONARY 857 (7th ed.1999). This definition is somewhat circular and not particularly helpful. Some courts have linked jurisdictional facts to factual prerequisites established by statute or rule that are treated as affirmative defenses such as limitations periods or failure to state a claim, although clearly not all affirmative defenses should be treated as involving jurisdictional authority. *See, e.g., Nordike,* 231 S.W.3d at 738 (referring to concepts such as failure to state a claim and limitations periods as jurisdictional fact issues while acknowledging courts discuss these issues "in terms of their jurisdictional effect, although without specific reference to particular-case jurisdiction"); *Clements, supra* (involving 180–day residency requirement for dissolution decree); *Gordon v. NKC Hospitals, Inc.,* 887 S.W.2d 360 (Ky.1994)(involving exclusive

remedy for workplace injuries under workers compensation statutes said to be an affirmative defense); *Alliant Energy–Interstate Power & Light Co. v. Duckett,* 732 N.W.2d 869 (Iowa 2007)(stating exhaustion of administrative remedies requirement goes to particular case authority rather than subject matter jurisdiction); *Schrier v. State,* 573 N.W.2d 242, 244–45 (Iowa 1997)(stating that a court may lack authority to hear a particular case where a party fails to follow the statutory procedures for invoking the court's authority).

The appellants argue that the circuit court ostensibly relied on KRS 381.136 in issuing its judgments in 1966, but since that statute did not apply under the facts of the original petition, the court lacked jurisdiction to enter a valid, binding judgment. They maintain that because the circuit court had no authority to partition the realty under KRS 381.136, they are entitled to fee simple title ownership of the property according to the terms of their grandparents' wills. The appellants' argument, however, consists of an erroneous commingling of the principles and characteristics of subject matter and particular case "jurisdiction." [6]

■ It is well-established that a judgment entered by a court without subject matter jurisdiction is void. *See Covington Trust Co. of Covington v. Owens,* 278 Ky. 695, 129 S.W.2d 186, 190 (1939); *Wagner v. Peoples Bldg. & Loan Ass'n,* 292 Ky. 691, 167 S.W.2d 825, 826 (1943); *Commonwealth Health Corp. v. Croslin,* 920 S.W.2d 46, 48 (Ky.1996); 20 Am.Jur.2d *Courts* § 65 at 380. In addition, since

---

**6.** For instance, at one point in the appellants' brief they state, "the court had no particular case or subject matter jurisdiction to hear the case or purport to render judgment." Appellants' Brief at 9. At another point, they state that "[t]he court had, and has, general subject matter jurisdiction over the land, as all tracts lie in Fayette County." *Id.* at 10. They also state that "the court relied upon KRS 381.136 as its authority to make a division, that is, as its source of particular case jurisdiction." *Id.*

subject matter jurisdiction concerns the very nature and origins of a court's power "'to do anything at all[,]'" it "'cannot be born of waiver, consent or estoppel[,]'" and may be raised at any time. *Nordike*, 231 S.W.3d at 738 (quoting *Duncan v. O'Nan*, 451 S.W.2d 626, 631 (Ky.1970)). *See also Privett v. Clendenin*, 52 S.W.3d at 531; *Goff v. Goff*, 172 S.W.3d 352, 358 (Ky.2005); *State v. Mandicino*, 509 N.W.2d at 483 (stating parties cannot confer subject matter jurisdiction on a court where it has not first been created by the constitution or enabling legislation).

On the other hand, lack of particular case jurisdiction merely renders a judgment *voidable*, rather than *void ab initio*. In *Dix v. Dix*, 310 Ky. 818, 822, 222 S.W.2d 839, 841 (1949)(holding judgment granting a wife fee title to a house in a divorce action contrary to the statutory requirements was not void for lack of subject matter jurisdiction), the court commented that "where the court has jurisdiction of the parties and subject matter, the judgment, if erroneous, is voidable, not void." *See also Wagner v. Peoples Bldg. & Loan Ass'n, supra; Buckalew*, 754 N.E.2d at 898 (stating "courts sometimes refer to 'jurisdiction over the particular case,' but that '[i]mperfections of this kind, however, merely make a judgment voidable through appeal,' upon specific and timely objections"); *In re J.J.*, 111 Ohio St.3d 205, 207, 855 N.E.2d 851, 854 (2006)(stating it is only when the trial court lacks subject matter jurisdiction that its judgment is void, while lack of jurisdiction over the particular case merely renders the judgment voidable); *Maryland Bd. of Nursing*, 347 Md. at 406, 701 A.2d at 410 (stating once a court has fundamental subject matter jurisdiction improper exercise of particular case jurisdiction renders a judgment voidable, not void); 20 Am.Jur.2d *Courts* § 57 at 374–75. Any error render-

ing a judgment voidable cannot be challenged in a collateral action and is subject to consent, waiver, or estoppel. *See, e.g.*, 56 Am.Jur.2d *Judgments* § 630; *People v. American Contractors Indemnity Co.*, 33 Cal.4th 653, 16 Cal.Rptr.3d 76, 93 P.3d 1020 (2004); *State v. Emery*, 636 N.W.2d 116 (Iowa 2001). In *Collins v. Duff*, 283 S.W.2d 179, 182 (Ky.1955), the court stated, "[w]here a court has general jurisdiction of the subject matter, a lack of jurisdiction of the particular case, as dependent upon the existence of particular facts, may be waived." *See also Commonwealth v. Griffin*, 942 S.W.2d at 291(holding defendant could waive statutory five-year limit on duration of probationary supervision because it involved particular case jurisdiction, rather than subject matter jurisdiction).

Generally, state courts of general jurisdiction have *in rem* subject matter jurisdiction over real property in the state. *See, e.g., Wood v. Wingfield*, 816 S.W.2d 899 (Ky.1991)(holding circuit court had *in rem* jurisdiction over subject matter of title to realty under inheritance). While a partition action is in the nature of an *in rem* proceeding, it also has characteristics of a *quasi in rem* proceeding because it deals with the title to realty and operates as to the parties in the proceeding. 59A Am.Jur.2d *Partition* § 100. Accordingly, a partition action requires both *in rem* subject matter jurisdiction and personal jurisdiction. 68 C.J.S. *Partition* § 67 (2007); 59A Am.Jur.2d *Partition* § 108; *Rose v. Cox*, 297 Ky. 458, 179 S.W.2d 871 (1944).

Although modern partition proceedings generally involve statutory provisions, the jurisdiction of equity courts to partition real property is very ancient and has existed in common law both in England and this country since its founding. *See* 68 C.J.S. *Partition* § 65; 59A Am.

Jur.2d *Partition* § 86; *Beeler's Heirs v. Bullitt's Heirs,* 10 Ky. 280, 3 A.K. Marsh 280 (1821); *Donnor v. Quartermas,* 90 Ala. 164, 8 So. 715 (1890). "The statutes supplement, or are supplemented by, the traditional jurisdiction of equity courts to decree partition." *Atkinson v. Kish,* 420 S.W.2d 104, 110 (Ky.1967). *See also Faulkner v. Terrell,* 287 S.W.2d 409 (Ky.1956)(noting authority of equity courts over partition action separate from statutory action). With the merger of the historical court of law and court of equity, courts of general jurisdiction are empowered with jurisdiction over partition actions by the state constitutions. See 68 C.J.S. *Partition* § 65; *Steinbrecher v. Steinbrecher,* 197 Ill.2d 514, 524 n. 3, 259 Ill.Dec. 729, 759 N.E.2d 509, 515 n. 3 (2001).

▮▮▮▮ Where the court has *in rem* subject matter jurisdiction of the particular realty and personal jurisdiction over the parties, any error in the judgment rendered by the court is voidable, and not void. *Steinbrecher,* 197 Ill.2d at 530, 259 Ill.Dec. 729, 759 N.E.2d at 519. This conclusion does not render partition statutes irrelevant; rather, they constitute procedural provisions that should be followed as part of the court's particular case jurisdiction, and failure to comply with the statute makes the judgment voidable subject to challenge on direct appeal, but also subject to consent, waiver, or estoppel. *See, e.g., Skilling v. Skilling,* 104 Ill.App.3d 213, 220, 59 Ill.Dec. 937, 432 N.E.2d 881, 887 (1982)(stating challenge to compliance with element of cause of action under statute

did not involve subject matter jurisdiction but concerned whether action failed to state a cause of action); *Nordike,* 231 S.W.3d at 738 (indicating challenge to particular case jurisdiction could be raised as an affirmative defense); *State v. Emery,* 636 N.W.2d at 123 (failure to comply with statutory procedure for transfer of juvenile to adult court did not involve subject matter jurisdiction and was waived by guilty plea).

▮▮▮▮ In Kentucky, circuit courts are courts of general jurisdiction with a wide range of authority over various types of cases.[7] Kentucky Constitution § 112(5) states: "The Circuit Court shall have original jurisdiction of all justiciable causes not vested in some other court. It shall have such appellate jurisdiction as may be provided by law." *See also* KRS 23A.010. This provision imbues the circuit courts with the general power to determine all matters of controversy arising under common law or equity, or by reason of statute or the constitution, unless the constitution requires that the matter be resolved by another body of the government or another court. In other words, the circuit court has extensive subject matter jurisdiction over all types of cases in common law and equity flowing directly from and conferred by the constitution that are not subject to limitation or infringement by statutes enacted by the legislature. *See Skilling, supra* (stating legislature has no power to limit or preclude a court's constitutional jurisdiction to hear a matter). *See generally American Beauty Homes Corp. v. Louisville and Jefferson County Planning*

---

**7.** General jurisdiction has been defined as, "[a] court's authority to hear a wide range of cases, civil or criminal, that arise within its geographic area." BLACK'S LAW DICTIONARY 856. This is in contrast to district courts, which are courts of limited jurisdiction, which is defined as "[j]urisdiction that is confined to a particular type of case or that

may be exercised only under statutory limits and prescriptions." *Id.* Kentucky Constitution § 109 provides in part that "[t]he judicial power of the Commonwealth shall be vested ... [in] a trial court of general jurisdiction known as the Circuit Court and a trial court of limited jurisdiction known as the District Court [.]"

*and Zoning Commission*, 379 S.W.2d 450, 453–54 (Ky.1964)(stating the legislature cannot invade the province of the judiciary, take away judicial power, nor reduce or enlarge the scope of the judicial function); *Dalton v. State Property and Buildings Commission*, 304 S.W.2d 342, 350 (Ky.1957)(stating state constitution is not a grant of power but is a limitation on legislative power so that the legislature may not enact any law expressly or impliedly prohibited by the state or federal constitutions). Only where the constitution vests jurisdiction in another court, such as the district court whose jurisdiction is controlled by the legislature, is the subject matter jurisdiction of the court defined or limited by a statutory scheme enacted by the General Assembly.[8] *See, e.g., Belleville Toyota, Inc. v. Toyota Motor Sales, U.S.A., Inc.*, 199 Ill.2d 325, 264 Ill.Dec. 283, 770 N.E.2d 177 (2002) (discussing limited power of legislature over subject matter jurisdiction under Illinois constitutional provision similar to Kentucky's constitutional provision); *Steinbrecher, supra.* Therefore, the General Assembly cannot enact statutes that limit the subject matter jurisdiction of the circuit court. Any statutory requirements involving jurisdictional facts would merely affect a circuit court's particular case jurisdiction.

We do not ignore *Day v. Day*, 937 S.W.2d 717 (Ky.1997), wherein the Kentucky Supreme Court held an adoption judgment void due to lack of subject matter jurisdiction because the statutory 90–day continuous residency requirement had

not been satisfied. *See id.* at 719. Noting that "[t]he law of adoption is in derogation of the common law", the court in *Day* appears to follow, without specifically so stating, a line of cases from other jurisdictions that give the legislature the authority to define subject matter jurisdiction for purely statutory causes of action. *See Belleville Toyota, supra*, for discussion.[9]

The facts in the *Day* case are distinguishable in that regard from the facts herein. While adoption "is in derogation of common law" and adoption actions are purely statutory in nature, partition actions traditionally have been within the jurisdiction of courts of equity. *See Atkinson, supra.* Therefore, we conclude that the *Day* case is not controlling in this case.

 In this case, the appellants acknowledge that in the 1965 partition action, the Fayette Circuit Court had *in personam* jurisdiction over the parties, all of whom were residents of the county and entered appearances in the suit, and *in rem* jurisdiction over the five tracts of realty involved in the suit, which were physically located within the geographical boundaries of the county. They contend the court lacked authority to divide or partition the realty because the grandparents' deeds did not devise equal estates to the grandchildren as remaindermen as arguably required for application of KRS 381.136.

While there is a legitimate question concerning whether the provisions of the grandparents' wills strictly complied with

---

**8.** In contrast to the explicit general subject matter jurisdiction created by the constitution for circuit court, with respect to district court, Kentucky Constitution § 113(6) states: "The district court shall be a court of limited jurisdiction and shall exercise original jurisdiction as may be provided by the General Assembly[,]" thereby authorizing greater control over subject matter jurisdiction by statutory

enactments. *See, e.g., Commonwealth v. Halsell*, 934 S.W.2d 552 (Ky.1996)(noting legislative authority to control district court jurisdiction).

**9.** While the court in *Belleville Toyota* discussed this approach, it ultimately rejected it. 199 Ill.2d at 336, 264 Ill.Dec. 283, 770 N.E.2d at 185.

the factors set forth in KRS 381.136, that issue concerns the specific facts of the case and does not concern the circuit court's subject matter jurisdiction. As a court of general jurisdiction, the Fayette Circuit Court had subject matter jurisdiction derived from the Kentucky Constitution to decide "this type" of case, that being, a partition action.

The General Assembly does not have authority to limit or control the circuit court's subject matter jurisdiction. Even assuming that KRS 381.136 applies only to partition actions in which the children or descendants of each of the life tenants as remaindermen are devised the same or equal shares of the life tenants' shares and that this provision is a "jurisdictional fact," it would implicate the circuit court's particular case jurisdiction rather than its subject matter jurisdiction. Because the Fayette Circuit Court had subject matter jurisdiction, any error associated with the application of KRS 381.136 would render the judgment voidable, not void. Accordingly, even assuming the circuit court erroneously applied KRS 381.136, the error was subject to consent, waiver, or estoppel.[10]

■■■■ We believe that the appellants have consented, waived, or are estopped from challenging any error in the 1966 judgments based on the application of KRS 381.136 at this time. As a general rule, under the principle of quasi-estoppel, any voluntary act by a party, with the knowledge of the facts, by which he expressly or impliedly recognizes the validity and correctness of a judgment will operate as a waiver of his right to challenge the error, such as where he receives affirma-

tive relief under the judgment or takes a position inconsistent with his right of review. *See Griffin*, 942 S.W.2d at 292 (finding defendant estopped from challenging circuit court's exercise of jurisdiction outside of statutory probationary limits based on guilty plea agreement); *Stevens Family Trust v. Huthsing*, 81 S.W.3d 664, 667 (Mo.App.2002)(a party may estop himself from taking an appeal by performing acts after the rendition of the judgment that are clearly inconsistent with the right of appeal; the estoppel may arise from any voluntary act which expressly or impliedly recognizes the validity of the judgment); *State v. Emery, supra; Claxton Enterprise v. Evans County Bd. of Commissioners*, 249 Ga.App. 870, 549 S.E.2d 830 (2001). "Ordinarily, principles of waiver do not permit a party to complain of an error where to do so is inconsistent with the party's position taken in an earlier court proceeding." *Belleville Toyota*, 199 Ill.2d at 333, 264 Ill.Dec. 283, 770 N.E.2d at 184. *See also* 28 Am.Jur.2d *Estoppel and Waiver* § 71 (discussing quasi-estoppel principle).

■■■■ The doctrine of judicial estoppel, which is a subset of the quasi-estoppel principle, also can be applied to prohibit a party from taking inconsistent positions in judicial proceedings. *See generally* 28 Am.Jur.2d *Estoppel and Waiver* § 74; *Colston Investment Co. v. Home Supply Co.*, 74 S.W.3d 759 (Ky.App.2001). Although there is no absolute general formula for this principle, several factors have been recognized such as: (1) whether the party's later position is clearly inconsistent with its earlier position; (2) whether the party succeeded in persuading a court to

---

**10.** In *J.I. Case & Co. v. Sandefur*, 245 Ind. 213, 217–18, 197 N.E.2d 519, 521 (1964), the court stated: "Far too often there is an inclination in a lawsuit to attempt to convert a legal issue into one of 'jurisdiction' and from

that point contend all actions of the court are void, and that the question of jurisdiction may be raised at any time or that the proceedings are subject to collateral attack and are a matter for original writs in this Court."

accept the earlier position; and (3) whether the party seeking to assert an inconsistent position would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped. *See New Hampshire v. Maine*, 532 U.S. 742, 750–51, 121 S.Ct. 1808, 1815, 149 L.Ed.2d 968 (2001). Judicial estoppel is an equitable principle intended to protect the integrity of the judicial process. *Id.*; *Colston Investment Co., supra.*

In this case, the appellants did not challenge the issue of the application of KRS 381.136 or lack of jurisdiction in the 1965 proceeding. In fact, they were represented by counsel and filed answers to the partition petition joining in the request to divide the realty consistent with the commissioners' report. They accepted the validity of the judgments by selling their interests in two of the tracts, thereby benefiting from the judgments. LFUCG would clearly be disadvantaged by vacating the prior judgment and invalidating their ownership rights to this property designated for public use. Moreover, the appellants waited over 40 years before raising a challenge to the judgment, and they now assert a position contrary to their position in the prior partition proceeding with no valid justification for the change in position. Under the circumstances, the appellants have waived their opportunity and should be estopped from challenging the application of KRS 3 81.136 and the validity of the 1966 judgments.

For the foregoing reasons, we affirm the order of the Fayette Circuit Court denying the appellants' CR 60.02 motion.

ALL CONCUR.