RENDERED: FEBRUARY 11, 2022; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2020-CA-0688-DG

SHERRI LYNN MURRAY,
ADMINISTRATRIX OF THE ESTATE
OF RICKY LEE MURRAY                                              APPELLANT


v.          ON DISCRETIONARY REVIEW FROM SHELBY
                            CIRCUIT COURT
                 HONORABLE CHARLES R. HICKMAN
            ACTION NOS. 19-XX-00003 AND 19-XX-00004


JOHN BYRNES; JACKSON MURRAY
(A MINOR); AND RYAN
CLEVIDENCE                                                        APPELLEES


OPINION
AFFIRMING

** ** ** ** **

BEFORE: CLAYTON, CHIEF JUDGE; COMBS AND JONES, JUDGES.

COMBS, JUDGE: Appellant, Sherri Lynn Murray, administratrix of the Estate of

Ricky Lee Murray (the Estate), appeals the decision of the Shelby Circuit Court

that vacated an order of the district court. Acting in its appellate capacity, the

circuit court determined that the lower court lacked subject matter jurisdiction to

consider Murray's allegations against John Byrnes, the Appellee. Murray challenges the conclusion of the circuit court that her claims fell within the exclusive jurisdiction of the circuit court. Because we agree that Murray's claims entail an "adversary proceeding" in the circuit court, we affirm the circuit court's order vacating.

Ricky Lee Murray, a Louisville chiropractor, died intestate on September 9, 2016. In his practice, Dr. Murray treated motor vehicle accident victims, including those entitled to basic reparation benefits (also known as Personal Injury Protection (PIP) or no-fault benefits) under the provisions of KRS[1] 304.39-020. John Byrnes, a personal injury lawyer practicing in Louisville, represented several of Dr. Murray's patients who had been injured in motor vehicle accidents and who had claims for bodily injury implicating their PIP benefits.

Following Dr. Murray's death, the Estate discovered a discrepancy between 1099 tax forms generated by auto insurer, State Farm, and Dr. Murray's own accounts of income derived from State Farm. An informal investigation by State Farm indicated that eighteen checks made to the order of Dr. Murray had been negotiated **after** Dr. Murray's death. None of these checks had been received or negotiated by the Estate. State Farm indicated that the disputed checks had been mailed to John Byrnes. It explained that following Dr. Murray's death, Byrnes

---

[1] Kentucky Revised Statutes.

directed that checks issued on the insureds' claims should be made payable to the insureds -- his clients -- and mailed to his office for disbursement. Thereafter, the disputed checks were mailed by State Farm to Byrnes's office. However, they were made payable to the order of Dr. Murray. The Estate contended that these checks (totaling $11,827.00) had been issued as compensation for chiropractic services rendered by Dr. Murray and that Byrnes had wrongfully "diverted" the payments.

In the administration proceedings pending before the Shelby District Court, the Estate filed a motion to compel the return of the disputed funds and a motion for attorney's fees. The Estate notified Byrnes of the scheduled hearing. A series of hearings followed at which Byrnes or his counsel appeared. However, Byrnes did not appear for an evidentiary hearing conducted by the district court on December 10, 2018.

Following the hearing of December 10, the district court found that the disputed checks were diverted by Byrnes without the consent of the Estate and that they were wrongfully negotiated. The district court found that Byrnes had no authority to re-direct the checks to his firm and that he erred by failing to cooperate with the Estate's investigation. Byrnes was ordered to pay $11,827.00 to Sherri Murray's counsel. The Estate's motion for attorney's fees was also granted.

Byrnes filed a motion to alter, amend, or vacate. He objected to the district court's jurisdiction. He explained in a memorandum that the checks represented PIP payments due from State Farm to his various personal injury clients and that he was expressly empowered under provisions of Kentucky's Motor Vehicle Reparations Act to direct State Farm to forward the payments to its insureds -- his clients. Byrnes did not know who endorsed the checks. He indicated that he did not receive any compensation from the PIP payments. The motion was heard on February 4, 2019.

By order entered on July 11, 2019, the district court concluded that it had subject matter jurisdiction to determine whether the disputed checks were assets of the Estate. It found that there was no evidence in the record to support Byrnes's contention that the checks represented PIP payments owed to State Farm's insureds, Byrnes's clients. It found that this contention "is contrary to every representation Byrnes has made to the widow and this [c]ourt." It found that the checks belonged to the Estate and that they had been fraudulently negotiated. However, it concluded that it lacked subject matter jurisdiction to order Byrnes to pay $11,827.00 over to the Estate as he was never a party to the Estate's administration proceeding. Finally, the court found Byrnes guilty of criminal contempt. It determined that Byrnes: had been untruthful; was complicit in the fraudulent endorsement of the disputed checks; obstructed the administration of

justice and the court's process; failed to appear for a scheduled hearing; and failed to respect the court. As punishment, Byrnes was ordered to pay the Estate's attorney's fees in the amount of $18,766.25. Byrnes appealed to the Shelby Circuit Court.

The circuit court considered the parties' arguments and reviewed the nearly 1,000-page record. In an order entered on April 24, 2020, it concluded that the district court lacked jurisdiction to order Byrnes to do anything. The order rejected the district court's decision to require Byrnes's participation in the proceedings (as he was not a party) and its failure to give notice and to conduct a hearing on the indirect contempt charge. It observed that Byrnes was "deemed 'guilty' of diverting the checks, without his 'guilt' having been established in accord with any particular burden of proof, whether it be civil or criminal following a proceeding which afforded [him] any due process rights." Additionally, he was "deemed to be less than candid and cooperative with the Shelby District Court, and therefore, declared as a diverter of funds, and all without notice of the contempt charge or an opportunity to defend himself in a formal proceeding from the charge." The circuit court concluded that the Estate's claims required an "adversary proceeding" contemplated by the provisions of KRS 24A.120(2). The order of the district court was vacated.

In a motion filed on May 22, 2020, the Estate sought our discretionary review. By order entered on October 6, 2020, we granted the motion.

The Estate argues that the circuit court erred by concluding that it had exclusive jurisdiction to adjudicate the issues raised. We disagree.

Our circuit courts are courts of general jurisdiction with authority over a wide variety of cases. KY. CONST. § 109; *Hisle v. Lexington-Fayette Urban County Government*, 258 S.W.3d 422 (Ky. App. 2008). Our circuit courts are vested with authority to adjudicate all matters of controversy arising under common law, equity, statute, or the Kentucky Constitution unless the Constitution requires that the matter be resolved by another body of the government or another court. *Hisle*, *supra*. As the jurisdiction of the circuit court is conferred by our Constitution, it is not subject to limitation or infringement by statutes enacted by the legislature. *Id*.

In contrast to the extensive subject matter jurisdiction created by the Constitution for circuit courts, district courts have limited jurisdiction that may be exercised only under statutory limits. *Id.* The provisions of KRS 24A.120 define the jurisdiction of district courts. First, the district court is granted jurisdiction over civil cases where the amount in controversy does not exceed five thousand dollars, exclusive of interest and costs. KRS 24A.120(1). The district court is also granted jurisdiction over probate matters *but only where contested matters do not*

*require an "adversary proceeding."* KRS 24A.120(2) (emphasis added). An "adversary proceeding" must be commenced in the circuit court. A probate matter is deemed "nonadversarial" where it is not provided by statute to be commenced in circuit court. KRS 24A.120(3). Thus, the district court exercises jurisdiction over all probate matters except those matters which can be addressed in actions that by statute may be commenced in the circuit court.

The provisions of KRS 395.510 permit the personal representative, a legatee, a distribute, or creditor of an estate to file an action in circuit court seeking settlement of the estate. KRS 395.515 provides that the petition must state the amount of the debts and the nature and value of the property -- real and personal -- of the decedent so far as known to the plaintiff. If it appears that there is a genuine issue concerning the right of any creditor, beneficiary, or heir-at-law to receive payment or distribution, or if it appears that there is a genuine issue as to what constitutes a correct and lawful settlement of the estate, that issue may be adjudicated by the court. *Id*. Because the circuit court is specifically vested with jurisdiction to settle the estate under this provision, we believe that it is also authorized to determine ownership of the assets claimed by the estate, including disputes concerning ownership of personal property -- in this case, the disputed checks. As KRS 395.510 specifically authorizes the commencement of a

settlement action in circuit court, the action is considered an "adversary proceeding" under KRS 24A.120(2) over which the district court lacks jurisdiction.

While the district court has jurisdiction to oversee nonadversarial probate proceedings involving the management and settlement of estates, the proceedings conducted by the Shelby District Court involving the Estate's allegations against Byrnes and its claims to the disputed PIP benefits were clearly adversarial in nature. Adjudication of the ownership of personal property claimed by the Estate in this case, including the Estate's allegations against Byrnes of conversion, constitutes an "adversary proceeding" over which the district court lacked jurisdiction.

A judgment entered by a court without subject matter jurisdiction is void. *See Covington Trust Co. of Covington v. Owens*, 278 Ky. 695, 129 S.W.2d 186 (1939); *Wagner v. Peoples Bldg. & Loan Ass'n*, 292 Ky. 691, 167 S.W.2d 825 (1943). Unlike personal jurisdiction, parties cannot by their actions consent to the court's exercise of subject matter jurisdiction. *Duncan v. O'Nan*, 451 S.W.2d 626 (Ky. 1970). Consequently, the Shelby Circuit Court did not err by vacating the order of the Shelby District Court.

The order of the Shelby Circuit Court is affirmed.

ALL CONCUR.

BRIEFS FOR APPELLANT:          BRIEF FOR APPELLEE:

Kelli E. Brown                 Timothy Denison
Prospect, Kentucky             Louisville, Kentucky