RENDERED: MARCH 31, 2023; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2022-CA-0611-ME

DANA L. HAUNER                                                            APPELLANT

APPEAL FROM JEFFERSON CIRCUIT COURT
v.        HONORABLE ANGELA MCCORMICK BISIG, JUDGE
ACTION NO. 19-CI-004456

CAP VENTURES GROUP, INC.                                          APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE: CALDWELL, GOODWINE, AND McNEILL, JUDGES.

McNEILL, JUDGE: Dana L. Hauner ("Hauner") appeals from the Jefferson

Circuit Court's judgment finding her claims barred by judicial estoppel. Finding

no error, we affirm.

On September 20, 2018, Hauner deeded property to CAP Venture

Group, Inc. ("CAP") as collateral for a loan. The same day, she signed a lease

agreement with CAP along with an option to re-purchase the property. On January

3, 2019, Hauner filed for Chapter 13 bankruptcy and did not identify CAP as her creditor. Her Chapter 13 Plan filed a month later similarly made no mention of CAP.

In early March 2019, CAP sent Hauner a notice terminating the lease and option due to alleged breaches. Hauner then amended her bankruptcy schedules to include CAP as a creditor,[1] but did not list the property, lease agreement, option agreement, or potential pre- or post-petition causes of action against CAP. Following the termination notice, Hauner filed a complaint in Jefferson Circuit Court alleging various claims, including breach of contract and fraud. CAP subsequently filed a motion for summary judgment alleging that Hauner should be judicially estopped from asserting claims based upon the lease and option agreements because she did not disclose those assets, or her interest in the real property, in the bankruptcy proceeding. The trial court granted the motion and dismissed Hauner's complaint. This appeal followed.

The standard of review on appeal of a summary judgment is whether the trial court correctly found there were no genuine issues as to any material fact and that the moving party was entitled to judgment as a matter of law. CR[2] 56.03. "The record must be viewed in a light most favorable to the party opposing the

---

[1] Hauner amended her bankruptcy schedules on March 21, 2019.

[2] Kentucky Rules of Civil Procedure.

motion for summary judgment and all doubts are to be resolved in his favor." *Steelvest, Inc. v. Scansteel Service Center, Inc.*, 807 S.W.2d 476, 480 (Ky. 1991). "Because summary judgment involves only legal questions and the existence of any disputed material issues of fact, an appellate court need not defer to the trial court's decision and will review the issue *de novo.*" *Lewis v. B & R Corporation*, 56 S.W.3d 432, 436 (Ky. App. 2001).

Hauner lists several reasons why the trial court's grant of summary judgment was in error, but because its dismissal was based upon judicial estoppel, we shall only consider her arguments on this issue. Hauner claims judicial estoppel should not apply because she eventually disclosed CAP as a creditor, CAP was not prejudiced, and CAP's own fraudulent conduct should prevent the doctrine's application. We would note that Hauner's arguments concerning judicial estoppel are mainly conclusory and undeveloped in her brief. "It is not our function as an appellate court to research and construct a party's legal arguments." *Hadley v. Citizen Deposit Bank*, 186 S.W.3d 754, 759 (Ky. App. 2005). Nevertheless, we will analyze the trial court's application of judicial estoppel more generally for error.

Judicial estoppel is "an equitable principle intended to protect the integrity of the judicial process by prohibiting a party from taking inconsistent positions in judicial proceedings." *Mefford v. Norton Hosps., Inc.*, 507 S.W.3d

580, 584 (Ky. App. 2016) (citing *Colston Investment Co. v. Home Supply Co.*, 74 S.W.3d 759, 763 (Ky. App. 2001)).  Factors to consider in determining whether to apply judicial estoppel include:  "(1) whether the party's later position is clearly inconsistent with its earlier position; (2) whether the party succeeded in persuading a court to accept the earlier position; and (3) whether the party seeking to assert an inconsistent position would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped."  *Hisle v. Lexington-Fayette Urban Cnty. Government*, 258 S.W.3d 422, 434-35 (Ky. App. 2008) (citing *New Hampshire v. Maine*, 532 U.S. 742, 750-51, 121 S. Ct. 1808, 1815, 149 L. Ed. 2d 968 (2001)).  "These same factors have been applied on a modified basis in the bankruptcy context where a debtor fails to disclose an asset either in the original bankruptcy petition or by subsequent amendment."  *Mefford*, 507 S.W.3d at 584-85.  In the bankruptcy context, the Sixth Circuit has described the doctrine of judicial estoppel as barring a party from "(1) asserting a position that is contrary to one that the party has asserted under oath in a prior proceeding, where (2) the prior court adopted the contrary position either as a preliminary matter or as part of a final disposition."  *Browning v. Levy*, 283 F.3d 761, 775 (6th Cir. 2002) (internal quotation marks and citation omitted).

Applying the elements of judicial estoppel to the facts of this case, we cannot say the trial court erred in dismissing Hauner's claims.  First, Hauner's

position in the civil action is clearly contrary to her position in the bankruptcy proceeding. "A debtor in a Chapter 13 proceeding has a duty to disclose any potential claim as an asset to the bankruptcy court in a schedule of assets and liabilities." *Davis v. Fiat Chrysler Automobiles U.S., LLC*, 747 Fed. App'x 309, 314 (6th Cir. 2018) (citing 11 U.S.C.[3] § 521; *Lewis v. Weyerhaeuser Co.*, 141 Fed. App'x 420, 424 (6th Cir. 2005)). By failing to disclose her potential claims concerning the lease and option agreements, Hauner was saying she had no contingent or unliquidated claims, contradicting her civil complaint. *See Stephenson v. Malloy*, 700 F.3d 265, 274 (6th Cir. 2012) (citation omitted) (holding that "omission [of potential claims] was equivalent to a statement that there were no such claims and was therefore inconsistent with his pursuit of the instant action"). Second, the bankruptcy court adopted Hauner's position that she had no potential claims when it confirmed her bankruptcy plan. *See Davis*, 747 Fed. Appx. at 314 (citation omitted) ("The bankruptcy court confirmed [the] bankruptcy plan without the potential claim listed as an asset, which is sufficient to satisfy the second consideration.").

Nevertheless, "judicial estoppel is inappropriate in cases of conduct amounting to nothing more than mistake or inadvertence." *Browning*, 283 F.3d at 776 (citations omitted). In determining whether Hauner's conduct resulted from

---

[3] United States Code.

mistake or inadvertence, we consider whether: "(1) she lacked knowledge of the factual basis of the undisclosed claims; (2) she had a motive for concealment; and (3) the evidence indicates an absence of bad faith[,]" particularly looking at Hauner's attempts to advise the bankruptcy court of her omitted claim. *White v. Wyndham Vacation Ownership, Inc.*, 617 F.3d 472, 478 (6th Cir. 2010).

Hauner had knowledge of the potential claims during the bankruptcy proceeding yet failed to amend her schedules to include them. Hauner filed her bankruptcy petition in January 2019. In March 2019, CAP notified Hauner it was terminating the lease and option agreement. At this point, Hauner would have been aware of her potential claims concerning the lease and option agreements, yet she did not amend her schedules to include them.[4] Further, Hauner testified multiple times at a temporary injunction hearing that she did not disclose the lease and option agreement, or her interest in the property, because she intended to repurchase the property from CAP outside of the bankruptcy proceeding.

Hauner also had a motive to conceal these claims and her interest in the property since it "is always in a Chapter 13 petitioner's interest to minimize income and assets." *Lewis*, 141 Fed. Appx. at 426 (citation omitted). "If the tort action becomes part of the estate, 'then the proceeds from it could go towards

---

[4] Hauner amended her schedules to include CAP as a creditor but made no mention of her assets: the potential claims or her interest in the property.

paying [the debtors'] creditors, rather than simply to paying [the debtor].'" *Mefford*, 507 S.W.3d at 585 (citing *White*, 617 F.3d at 479).

Finally, we find Hauner's single attempt to correct her omission inadequate to demonstrate her lack of bad faith. *See White*, 617 F.3d at 480 (footnote omitted) ("Since the bankruptcy system depends on accurate and timely disclosures, the extent [one's] efforts [to correct an omission], together with their effectiveness, is important. Furthermore, since judicial estoppel seeks to prevent parties from abusing the judicial process through cynical gamesmanship, the timing of [the] effort is also significant."). Hauner made one attempt to correct her omission on March 21, 2019, and only after CAP notified her it was terminating the lease and option contract. Further, she did not adequately fix her error, only amending her schedules to include CAP as a creditor. At no time did Hauner list her potential claims concerning the lease and option agreement or her interest in the property, despite CAP calling attention to these omissions in the bankruptcy proceeding.

Based upon the foregoing, the judgment of the Jefferson Circuit Court is affirmed.

ALL CONCUR.

BRIEF FOR APPELLANT:       BRIEF FOR APPELLEE:

Robert Frederick Smith      Megan P. Keane
Prospect, Kentucky         Louisville, Kentucky