Judge Mills
delivered the opinion.
The aneestor of the appelles having obtained a judgment at law, in an action of covenant, against Charles Jones and Charles Beeler, issued execution and levied on the interest of Charles Beeler, of and in a tract of land, and sold that inierest, became himself the purchaser, and received the conveyance from the sheriff. This interest was the undivided sixth part of a tract of land, the legal title of which was in Beeler’s ancestor at his death, and then descended to him jointly with five other heirs. Having thus acquired the title, he exhibited this bill to obtain a division of the tract, and to have his part assigned to him in severalty, making the remaining heirs, some purchasers under them, and Charles Beeler, defendants. All these defendants made default, except John C. Beeler, one of the heirs, and the purchasers under him, and two infant defendants. J. 0. Beeler alleges claim to the whole ground, first, by a verbal gift from his father before the descent cast; and secondly, by a mortgage and foreclosure thereof, and sale under it, executed to him the said John C. Beeler, by the said Charles Beeler, including all his interest in his father’s estate. The defendant* also contend in their answers, that the sheriff’s sale was irregular — that the estate was sold far below its value, and is therefore unconscientious — and that Charles Beeler, against whom the execution issued, was an infant when he made the contract on which judgment was *281 efcfaitred, and also when the writ was executed, and out of the stale when judgment was rendered; and therefore, the safe was invalid. The court below decreed partition of the whole tract, front which decree Beeler’s heirs have appealed.
If lands ara ta^?u 111 exe" abortive attempt to p^tls0*^ evenTf rtere benoattempt Iftherprocted-*n3» be nS i^theSaiter casethesher-iff may be u-indi t0 úre-guiarity intti1 wishing tova cate it.
xnf4ncy ⅛⅝ pe snnal pri-¡¿⅛’claimed by tbe partyj cannot be ur-Se<! by-moth-tate.
Besides other objections to the sale, the sheriff’s deed was objected to on the trial, as not conformable to law. We do not perceive the ground of this objection. The deed fs an indenture executed both by the principal sheriff and the deputy, who made the sale, and is acknowledged and recorded in the proper office, and recites the execution with sufficient precision, and sets forth the sale accordant with the return. It wa3 therefore properly admitted, as containing the requisites of the act of assembly.
It is relied on, that Charles Jones, one of the defendants in the execution, had sufficient personal estate and slaves to satisfy the execution, instead of taking the land. defence is not fully supported bv the prbof. If he had such estate, it is evident that it was difficult to find it, and that it was kept out of the way of creditors, and Bullitt, by pre-vfous executions, had searched for both estate and person, But if this fact be admitted, it will not follow that the sale Was vitions. The law directing, first, chattels, then slaves, and lastly, land, tobe taken, is directory to the sheriff. he violates it to the injury of the debtor in an execution, he toay become responsible for that injury. But it-does not result that the purchaser oflands so taken under execution, even if he be the creditor, who has not been instrumental in Gausing the sheriff thus to violate the law, is to have his title affected, especially after he has tried by other fruitless executions to reach other estate before he touched the land, The remaining objections to this sale, are also untenable. The defendants seem to mistake the law, so far as to suppose that the plaintiff claiming under a sale by execution, is bound to shew that all the requisites of the law, in making the sale, has been complied with, instead of placing the mus prebmdi on the other side, and compelling him who opposes file sale to prove it irrregular. The appellants have called on the appellees for proof of the regularity of the sale, and have adduced no proof impeaching it,
The infancy of Charles Beeler, at the date of the contract. on which the judgment at law is founded, may admit of two answers. Charles Beeler himself, in the trial at law, waived this privilege and did not plead bis infancy, *282 Id this suithe is equally silent, and the rule is well settled* that infants must avail themselves of this privilege, and others cannot do it for them, if any others cap, they must be privies in estate, and John C. Beeler claims to be such by virtue of his mortgage. To avail himself of this altitude, brs title must be a sound one, which will hereafter be tested. But admit this title to be sound, it cannot place John C. Beeler in a better situation than Charles himself would be, if he bad made the plea himself, and we do not conceive that he could now avail himself of the defence in this collateral way.
A mortgage and foreclosure made to delay,&c. credit cannot be £et up, & circumstances may be adduced to shew ♦he character of the mortgage:
Acts in pais by an infant, may frequently be void; but not io as to judicial acts. They are obligatory upon him, unless he avoid them by direct process, such as a writ of error coram vobis, audita querela, fyc. If these methods are not resorted to, he is bound by the record and estopped from gainsaying it, when its effects ate brought to bear upon him in any other controversy. Such we conceive to be the judgment of Bullitt, arid as it is not vacated by the infant, he is bound by it in all other controversies, and so is his alienee, John C. Beeler.
The title of John C Beeler, by gift from his father, ¡9 wholly unsupported by proof, and his title by mortgage and foreclosure from Charles Beeler must be his remaining de-fence. This mortgage is executed, acknowledged and recorded in propertime, and a decree of foreclosure and sale to John C. Beeler under it, is produced. But to this decree, Buliit was no party, and not only the mortgage, recorded as it is, but the decree and sale under it, must be as void as to creditors under the act to prevent frauds and perjuries, as any other security, if it is made with intent to delay^y hinder, or defraud creditors.^ To prove that this deed and decree is of that character, the appellees have established the following facts, to wit: That Bullitt himself was then pursuing his claim & was near to judgment against Charles Beeler — That Charles Beeler was considerably indebted and embarrased at the time the mortgage was executed. It is rendered very improbable that John C. Beeler had with Charles Beeler, any dealings at the time, from which a debt of near five thousand dollars, the sum expressed in the mortgage, could have arisen. R is shewn, that no money was paid, or any other valuable thing, at the date of the mortgage, and that John G. Bcekr produced an amount of fifteen hundred dollars against Charles, as his whole claim, *283 and yet took a mortgage Falsely, according to his own shewing, to secure above three times that amount. The mortgage appears to include every thing, both real and personal, claimed by Charles Beeler, and his declarations are shewn before the mortgage was executed, announcing his intention to execute it for the purpose of securing his estate against his creditors. Such facts warrant the decision, that the mortgage is fraudulent, and utterly void as to the creditor, Bullitt; and for this reason, it was properly disregarded by the court below.
In making partition be-twe’n tenants in 'common, chancery and common law have concur-' 'ent jurisdiction.
If a f-uarcli-an ad litem answers, it is proof to a S-.e has notice of the appointment and accepts of the charge:
It has been contended in this cause, that the claim of the appellees is purely legal, and therefore equity ought not to enforce if- — That they have a legal remedy, and therefore ought not to be indulged in a court of equity. It must be admitted that the claim of the appellees is a legal one, and that by law their ancestor acquired his right; but we do not admit, that this is a bill to enforce the sheriff’s sale, or give the appellees a title under it. The sale and consequent title was vested long before this bill was brought, and Bul-litt became a tenant in common with the remaining heirs of Beeler, and as such, had a right to demand partition. IF he knew or believed that John C. Beeler’s mortgage was fraudulent, he did right in treating it as a nullity and selling the estate, and lie afterwards ought to be allowed to shew it such, either at law or in equity. T his bill, we conceive, is a bill for partition, and that the obstacles to it, have arisen from the fraudulent claim of the appellant, John C. Beeler, which was properly disregarded. No doubt, a court of common law is competent to render judgment of partition or severance; but with the court of common law, equity has claimed and exercised concurrent jurisdiction in directing partition, and then compelling titles to be made in confirmation of it, and we see no reason why the appel-lees or their ancestors should be precluded from resorting to that mode, barely because he acquired his title by a sale and conveyance directed by law. The effect of it was the same, as if acquired in another mode. As he has had his election, to come either into a court of law or equity, and bas chosen the latter, the result has proved that this ehotce Was wise, as he bas thereby had the opportunity of extinguishing forever, the pretended title of John C. Beeler, un-, der his mortgage.
It is contended, that as two of Beeler’3 heirs were infants, and a guardian was assigned to defend them, the eourt *284 ought not to have heard the cause until that guardian had acctPted the appointment or answered. A guardian was appointed, who does not appear to have consented at ti\e dale of the appointment. He afterward swore to, and filed in due time, his answer for the infants in the clerk’s office, which acts conclusively shew the notice of his appointment and consent to serve. This answer was among the papers, used by the court and noticed of record on the bearing, which evident!} shews, that the full benefit of it, was allowed to the two infant defendants, and they cannot complain because it was previously noted of record. The want of such noting might have furnished the complainants below with a ground of continuance; but cannot avail those who failed to have it noted, and received the benefit of it on the trial, and then attempt to complain of their own default, when a decree is rendered against them. Upon the whole case, therefore, we conceive there is no error in the decree of the court below, and it must be affirmed with costs.
Littell ⅜ Pope for appellants. Hardin contra.