RENDERED: APRIL 24, 2026; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2025-CA-0597-MR

PAUL LEHECKA AND WISCONSIN
AUTO SUPPLY, INC.                                                    APPELLANTS


                    APPEAL FROM DAVIESS CIRCUIT COURT
v.               HONORABLE THOMAS O. CASTLEN, JUDGE
                    ACTION NO. 19-CI-00027


NASH BUILDING SUPPLY AND
REMODELING, INC.                                                      APPELLEE


OPINION
AFFIRMING

** ** ** ** **

BEFORE: THOMPSON, CHIEF JUDGE; ACREE AND McNEILL, JUDGES.

THOMPSON, CHIEF JUDGE: Paul Lehecka (Lehecka) and Wisconsin Auto

Supply, Inc. (WAS) appeal from an order of the Daviess Circuit Court granting

summary judgment in favor of Nash Building Supply and Remodeling, Inc.

(Nash). Lehecka and WAS argue that summary judgment was not warranted

because they raised genuine issues of material fact, and the injured parties are not

barred from pursuing their claims based on judicial estoppel. After careful review, we find no error and affirm the order on appeal.

## FACTS AND PROCEDURAL HISTORY

In 2017, Nash performed concrete and paving work at two commercial properties owned by WAS in Whitesville, Kentucky – 10619 Hwy 764 and 10631 Hwy 764. At the time, Lehecka owned WAS. In May 2018, WAS paid two installments to Nash as partial payment toward the work done at 10631. These payments totaled $65,000.00.

According to the record, Nash sent WAS two more invoices for work performed at 10631. WAS was not satisfied with the quality of the work, and did not pay the invoices nor for any of the work at 10619. Specifically, WAS and Lehecka alleged that Nash's work resulted in water infiltration and mold, and was a result of using bad concrete and improper concrete overspray. Nash would later allege that it attempted to remediate any alleged issues but was not allowed on the property by Lehecka. As a result, Nash filed and perfected two liens on the properties.

In January 2019, Nash filed a complaint in Daviess Circuit Court to foreclose on the liens. WAS and Lehecka filed an answer and counterclaim against Nash alleging that the mechanic's liens were improperly filed; that the liens were fraudulent; that Nash negligently performed the work causing damage and

requiring remediation; defamation; and, Nash's improper attempt to collect on work not performed. The negligence claim arose out of the work performed at 10631. The claim of fraud was based on the allegation of WAS and Lehecka that Nash's lien on 10619 exceeded the amount of the agreement. In February 2019, WAS and Lehecka filed a third-party complaint against Nash in his individual capacity, alleging defamation and emotional distress.

In August 2020, Lehecka sold both properties, and paid the full balance of both mechanic's liens without objecting to their validity or seeking lien bonds. Nash released the liens, and in October 2020, an agreed order was entered dismissing all of Nash's claims against WAS and Lehecka. In January 2021, another agreed order was entered dismissing all claims of WAS and Lehecka for slander, defamation, and emotional distress damages.

In February 2021, Lehecka filed Chapter 7 bankruptcy in the Southern District of Florida. In that proceeding, Lehecka identified and valued his pending counterclaim against Nash at $0.00. In February 2024, the underlying matter was scheduled for trial in October 2024, and then rescheduled for March 2025. While the matter was pending, Nash filed two motions for summary judgment.

In April 2025, the circuit court entered an order granting summary judgment in favor of Nash. In support of the order, the court found that Lehecka sold his interest in WAS to his mother, Barbara Lehecka, as part of the Florida

bankruptcy proceeding resulting in him having no legal interest in his counterclaims against Nash. As such, he was judicially estopped from pursuing those claims. The court also found that WAS and Lehecka failed to raise genuine issues of material fact to overcome Nash's motion for summary judgment on the claims of negligence, fraud, and malicious prosecution. In addition, the court concluded that WAS and Lehecka "failed to disclose any expert opinions to testify that the work performed by Nash was not done in a workmanlike manner, that the charges for the work was [sic] outside industry standards, or that any work performed by other contractors was to correct any alleged negligent work."

As to the claims stemming from the mechanic's liens, the court determined that the time to challenge the validity of those liens was before they were paid and released. Further, the court determined that the evidence required to challenge the validity of those liens required expert testimony as to the quality of Nash's work, of which there was none.

Lastly, the court determined that Lehecka and WAS's claim of malicious prosecution could not stand, as there was no proceeding terminated in their favor and there was ample evidence to support Nash's filing of the liens. The court further held that the liens were filed for amounts not paid for work completed and that a dispute over the amounts does not negate good cause to file the liens.

Based on the foregoing, the circuit court granted summary judgment and this appeal followed.

## STANDARD OF REVIEW

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, stipulations, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Kentucky Rules of Civil Procedure ("CR") 56.03. "The record must be viewed in a light most favorable to the party opposing the motion for summary judgment and all doubts are to be resolved in his favor." *Steelvest, Inc. v. Scansteel Service Center, Inc.*, 807 S.W.2d 476, 480 (Ky. 1991). Summary judgment should be granted only if it appears impossible that the nonmoving party will be able to produce evidence at trial warranting a judgment in his favor. *Id.* "Even though a trial court may believe the party opposing the motion may not succeed at trial, it should not render a summary judgment if there is any issue of material fact." *Id.* Finally, "[t]he standard of review on appeal of a summary judgment is whether the trial court correctly found that there were no genuine issues as to any material fact and that the moving party was entitled to judgment as a matter of law." *Scifres v. Kraft*, 916 S.W.2d 779, 781 (Ky. App. 1996).

## ARGUMENTS AND ANALYSIS

Lehecka and WAS first argue that the Daviess Circuit Court improperly applied the doctrine of judicial estoppel to bar him from pursuing his counterclaim against Nash. In its order granting summary judgment, the circuit court found that, as part of his Chapter 7 bankruptcy proceeding in Florida, Lehecka sold 100% of his interest in the counterclaim now at issue to Barbara Lehecka.[1] It also found that he sold 100% of his interest in WAS to Ms. Lehecka. As such, the court determined that Lehecka was not the real party in interest in those counterclaims and was judicially estopped from pursuing those claims against Nash. The court further determined that Lehecka was bound by the sworn valuation of his counterclaim of zero dollars as presented to and entered by the Bankruptcy Court.

Lehecka argues that these finding of fact and conclusions of law are erroneous. He points to CR 25.03, which provides:

> In case of any transfer of interest, the action may be continued by or against the original party, unless the court upon motion directs the person to whom the interest is transferred to be substituted in the action or joined with the original party.

---

[1] A pending claim or counterclaim must be characterized as a petitioner's asset in a Chapter 7 bankruptcy proceeding. *See* 11 United States Code (U.S.C.) § 541(a)(1), which states that the bankruptcy estate includes "all legal or equitable interests of the debtor in property as of the commencement of the case." *See also Mefford v. Norton Hosps., Inc.*, 507 S.W.3d 580 (Ky. App. 2016).

Lehecka maintains that because he transferred his interest in the counterclaim to Barbara Lehecka in the bankruptcy proceeding, CR 25.03 allows him – as "the original party" – to continue the action against Nash in Daviess Circuit Court. He argues that the circuit court erred in failing to so rule.

Lehecka also addresses CR 17.01, which provides in relevant part that "[e]very action shall be prosecuted in the name of the real party in interest[.]" Lehecka asserts that, though he is no longer the real party in interest, this rule applies only to the original filing of the action and not the maintenance of the action after it has commenced. For this reason, he asserts that CR 17.01 cannot be employed to bar his ongoing prosecution of his counterclaim.

Finally, Lehecka maintains that his zero-dollar valuation of his counterclaim in the bankruptcy court should have no bearing on the instant proceedings, and should not form a basis for employing judicial estoppel to bar his prosecution of his counterclaim. He states that he has uncovered no case law standing for the proposition that a bankruptcy valuation may properly be used to bar a state court claim in this manner.

> The doctrine of judicial estoppel . . . can be applied to prohibit a party from taking inconsistent positions in judicial proceedings. Although there is no absolute general formula for this principle, several factors have been recognized such as: (1) whether the party's later position is clearly inconsistent with its earlier position; (2) whether the party succeeded in persuading a court to accept the earlier position; and (3) whether the party

> seeking to assert an inconsistent position would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped. Judicial estoppel is an equitable principle intended to protect the integrity of the judicial process.

*Hisle v. Lexington-Fayette Urban Cnty. Government*, 258 S.W.3d 422, 434-35 (Ky. App. 2008) (citations omitted).

Below, the Daviess Circuit Court determined that the doctrine of judicial estoppel should bar Lehecka from continuing to prosecute his counterclaim because 1) he sold that counterclaim as an asset of the bankruptcy estate to his mother, Barbara Lehecka; and, 2) because he valued it at $0.00 which was accepted by the bankruptcy court. This conclusion is supported by the record and the law. As noted in *Hisle*, *supra*, there is no absolute formula for applying judicial estoppel. Rather, several factors may be considered including the consistency of the party's earlier position; whether the party succeeded in persuading a court to accept the earlier position; and, whether the party seeking to assert an inconsistent position would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped.

Here, Lehecka has asserted inconsistent positions as to the value of his counterclaim – zero-dollars before the United States Bankruptcy Court, and many thousands of dollars before the Daviess Circuit Court. Second, Lehecka succeeded in persuading the bankruptcy court to accept his valuation. As to the third

consideration, *i.e.*, whether Lehecka would derive an unfair advantage or impose an unfair detriment on Nash by virtue of these inconsistent positions – we cannot say; however, the burden rests with the appellant to overcome the strong presumption that the trial court's rulings are correct. *Oakes v. Oakes*, 204 Ky. 298, 302, 264 S.W. 752, 753 (1924). The question for our consideration is not whether the record could have supported a different result, but whether the record supports the result reached. *C.M.C. v. A.L.W.*, 180 S.W.3d 485, 494 (Ky. App. 2005). The application of CR 25.03, which allows the original party to continue the action after any transfer of interest, was rendered moot by Lehecka's valuation of the counterclaim at zero dollars. The circuit court correctly found that there were no genuine issues as to any material fact, and that Nash was entitled to judgment as a matter of law. *Scifres*, *supra*. We find no error on this issue.

Lehecka and WAS next argue that the circuit court erred in failing to conclude that they raised genuine issues of material fact on their constructive fraud and filing illegal lien claims. They claim that they presented sworn facts and evidence that Nash's estimate was for $97,466.25 for work on 10631, and that Nash was paid $65,000.00 towards that work. They assert that when Nash abandoned the work, much of it was done incorrectly and had to be torn out. Further, they argue that much of the work was incomplete, such as the loading dock that constituted approximately $40,000.00 of the estimate. The 10631 lien

was recorded on that property in the amount of $35,061.25. The result, according to Lehecka and WAS, was that as there was only $32,466.25 that was unpaid on the estimate, it is impossible that Nash's lien could have correctly been filed on that property for more than that amount.

Constructive fraud "arises from the breach of a legal duty which the law would pronounce fraudulent because of its tendency to deceive others, violate confidence, or injure public interest." *Kendrick v. Bailey Vault Co., Inc.*, 944 S.W.2d 147, 150 (Ky. App. 1997) (citation omitted). Lehecka's claim of constructive fraud is premised on the allegation that Nash's liens were "illegal" because they sought recovery in excess of the amounts owed. Rather than bringing an action challenging the amount of the liens, or asserting that they did not comply with the statutory guidelines, Lehecka and WAS paid off the liens. Nash then released the liens and the parties entered into an agreed order dismissing the foreclosure action.

We agree with the Daviess Circuit Court that the time to challenge the liens, if at all, was prior to paying them off, obtaining a release, entering into an agreed order, and selling the business. Our research has not uncovered any case law, nor has Lehecka and WAS directed our attention to any, which supports a claim of constructive fraud or improper "illegal" liens under the facts before us. Further, our review of the record reveals that the amount of the liens reasonably

-10-

reflected the amounts allegedly owed to Nash based on the work performed.  We find no error.  In addition, we find no basis for concluding that the liens were facially invalid as argued by Lehecka and WAS.

Lehecka and WAS go on to argue that they raised genuine issues of material facts as to their claims of negligence and whether Nash completed the work in a workmanlike manner.  They set out several allegations of improper work including that all exterior concrete needed to be removed due to being poured against the building and not allowing room for expansion thereby causing water damage issues.  They also allege that Nash was negligent in protecting exposures while pouring concrete, that Nash failed to properly protect the building at 10631, and that Nash left concrete splatter all over the exterior of the building.  Additionally, they allege that Nash began digging the final two walls and footer for a loading dock pad, but abandoned the job leaving the empty holes.  Finally, they claim Nash left a manhole buried that required correction by the city of Whitesville.  Lehecka and WAS maintain that these claims represented genuine issues of material facts sufficient to overcome Nash's motion for summary judgment.

In considering the argument of Lehecka and WAS on this issue, the circuit court found that they failed to disclose any experts to testify that the work performed by Nash was not done in a workmanlike manner; that the charges for

the work were outside industry standards; nor, that any work performed by other contractors was to correct any alleged negligent work.

The question for our consideration is whether the Daviess Circuit Court correctly found that there were no genuine issues as to any material fact, and that Nash was entitled to judgment as a matter of law. *Scifres*, *supra*. In determining whether genuine issues of material fact exist, a party's belief is not evidence and does not create an issue of material fact sufficient to avoid the granting of summary judgment. *Sparks v. Trustguard Ins. Co.*, 389 S.W.3d 121, 124 (Ky. App. 2012). "A party's subjective beliefs about the nature of the evidence is not the sort of affirmative proof required to avoid summary judgment." *Haugh v. City of Louisville*, 242 S.W.3d 683, 686 (Ky. App. 2007) (citation omitted).

A circuit court may, within the exercise of its discretion, require expert testimony on an issue that is outside the scope of common knowledge. *See* Kentucky Rules of Evidence ("KRE") 702; *Baptist Healthcare Sys., Inc. v. Miller*, 177 S.W.3d 676, 680-81 (Ky. 2005). Here, the circuit court availed Lehecka and WAS of the opportunity to reveal which experts would testify in support of the claims of negligent work. No qualified witnesses were identified. Further, Lehecka and WAS claimed to have hired Vince Fogle and P&E Construction to remediate Nash's concrete work, but did not list either Fogle or a P&E

representative on their trial witness list. Even when the evidence is viewed in a light most favorable to Lehecka and WAS, we cannot conclude that the Daviess Circuit Court erred in finding no genuine issue on the claims of negligence and whether Nash completed the work in a workmanlike manner.

Lastly, Lehecka and WAS argue that Nash's second motion for summary judgment did not address their claim for malicious prosecution; therefore, it was improperly dismissed via summary judgment. They direct our attention to the elements of malicious prosecution set out in *Seiller Waterman, LLC v. RLB Props.*, 610 S.W.3d 188, 196 (Ky. 2020), and argue that because the elements have been pled, and as Nash did not seek summary judgment on this issue, their claim should be allowed to proceed to trial. They seek reversal on this issue.

The elements for a claim for malicious prosecution are: 1) the defendant initiated, continued, or procured civil judicial proceeding against the plaintiff; 2) the defendant acted without probable cause; 3) the defendant acted with malice; 4) the proceeding terminated in favor of the person against whom it was brought; and 5) the plaintiff suffered damages as a result of the proceeding. *Id.*

In the matter before us, ample evidence was tendered to support the filing of Nash's complaint (element 2); there was no evidence that Nash acted with

-13-

malice (element 3); and, no proceeding terminated in favor of Lehecka and WAS (element 4). As such, it would not be possible for Lehecka and WAS to prevail on this claim if the matter proceeded to trial. Further, there is no error in the circuit court's *sua sponte* entry of summary judgment on this issue, as the trial court is authorized to grant a summary judgment in favor of a party who has not requested it in the context of other summary judgment proceedings. *See Smith v. Norton Hosps., Inc.*, 488 S.W.3d 23, 35 (Ky. App. 2016).

## **CONCLUSION**

For the foregoing reasons, we affirm the order of the Daviess Circuit Court granting summary judgment in favor of Nash Building Supply and Remodeling, Inc.

ALL CONCUR.

| BRIEF FOR APPELLANT: | BRIEF FOR APPELLEE: |
|---|---|
| Christopher W. Riccio<br>Owensboro, Kentucky | Michelle L. Burden<br>Jessica C. Harlow<br>Ft. Mitchell, Kentucky |
| | Marty G. Jacobs<br>Owensboro, Kentucky |